IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| DARRIN MALSACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. 2:26-CV-01726 |
| STEAKOUT LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW, DARRIN MALSACK, by and through the undersigned counsel, and files this, his Complaint against Defendant, STEAKOUT LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2. Plaintiff, DARRIN MALSACK (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Milwaukee, Wisconsin (Milwaukee County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5. Plaintiff uses a wheelchair for mobility purposes.

6. In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a “tester” for the purpose of enforcing Plaintiff’s civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff’s community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property within six months after the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. (“Advocacy Purposes”).

7. Defendant, STEAKOUT LLC (hereinafter “STEAKOUT LLC”), is a domestic limited liability company that transacts business in the State of Wisconsin and within this judicial district.

8. Defendant, STEAKOUT LLC, may be properly served with process for service via its Registered Agent, to wit: c/o Robert Lombardo, Registered Agent, 6300 Industrial Loop., Greendale, WI 53219.

**FACTUAL ALLEGATIONS**

9. On or about March 30, 2026, Plaintiff was a customer at “The Steak Out” a business located at 6300 Industrial Loop., Greendale, WI 53129 referenced herein as “The Steak Out”. Attached is a receipt documenting Plaintiff’s purchase. See Exhibit 1. Also attached is a photograph documenting Plaintiff’s visit to the Property. See Exhibit 2.

10. Plaintiff lives 4 miles from the Property.

11. Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

12. Defendant, STEAKOUT LLC, is the owner or co-owner of the real property and improvements that The Steak Out is situated upon and is the subject of this action.

13. Defendant, STEAKOUT LLC, as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, STEAKOUT LLC and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's independent requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations. See 28 CFR § 36.201(b).

14. Plaintiff's access to the business(es) located 6300 Industrial Loop, Greendale, WI 53129, Milwaukee County Property Appraiser's property tax key number: 6950032000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, STEAKOUT LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

15. Plaintiff has visited the Property twice before as a customer and advocate for the disabled. Plaintiff intends to revisit the Property within six months, likely sooner, after the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer of The Steak Out, to determine if and when the Property is made accessible and for Advocacy Purposes.

16. Plaintiff intends on revisiting the Property to purchase food, goods, and services as a return customer living in the near vicinity as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access, as such, Plaintiff is deterred from returning to the Property as a customer until after the barriers to access are removed.

17. Plaintiff travelled to the Property twice before as a customer and as an independent advocate for the disabled, personally encountered all barriers to access the Property that are detailed in this Complaint, engaged the barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

18. Plaintiff encountered all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

19. Plaintiff's inability to fully access the Property and the public accommodation within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an inquiry in fact.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

28. The Property must be, but is not, in compliance with the ADA and ADAAG.

29. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more

specifically set forth in this Complaint.

30. Plaintiff intends to visit the Property in the very near future as a return customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Defendant, STEAKOUT LLC, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant, STEAKOUT LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, STEAKOUT LLC, is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

33. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff encountered and engaged prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are fifty-eight (58) total parking spaces, requiring a minimum of three accessible parking spaces, but there are only two accessible parking spaces. This barrier to access would make it difficult for Plaintiff to locate an available accessible parking space as such a small number of accessible parking spaces in a large parking lot increases the likelihood of there not being an available accessible parking space.

(ii) The two accessible parking spaces do not have a marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This barrier to access makes it nearly impossible for an individual in a wheelchair to enter and exit their vehicle at these accessible parking spaces due to the close presence of parked vehicles on either side of the accessible parking spaces not providing enough room for the wheelchair, this eliminates the accessible route from these accessible parking spaces.

(iii) Due to the lack of an access aisle as well as a curb next to one side of the accessible parking spaces, when a vehicle is parked in the accessible parking spaces and there are cars parked on one the other side of the accessible parking space, there lacks adequate space for Plaintiff to enter and exit their vehicle. As a result, the Property lacks an accessible route from these accessible parking spaces to the accessible entrance of the Property in violation of Section 208.3.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property.

(iv) There are two accessible parking spaces that are missing identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

(v) Due to a failure to enact an adequate policy of property maintenance, there is a doorway threshold with vertical rises in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the interior of the Property at this location as the vertical rise at the door threshold could potentially cause Plaintiff to tip over when attempting to enter. Moreover, this barrier to access is made more difficult by the fact that it is in the doorway and Plaintiff would be required to hold the door open with one hand while attempt to the "push" the wheel of the wheelchair over the vertical rise.

(vi) The inner door to the accessible entrance lacks a clear minimum maneuvering clearance due to the fact the end of the latch side of the accessible entrance door being within 18 inches to the adjacent wall or protruding object in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to access would cause Plaintiff difficulty in utilizing the door to gain access to this unit because individuals in a wheelchair have their feet and legs sticking out in front of them thus requiring additional space to reach the door hardware and open the door. The current configuration of the accessible entrance of this unit blocks Plaintiff's ability to reach the door hardware and open the door.

(vii) Inside The Steak House, the bar lacks any portion of the counter that has a maximum height of maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards. In addition, there is no seating within reasonable proximity to the bar offering dining surfaces provided for consumption of food or drink which complies with Section 902.2 requiring appropriate knee and toe clearance complying with 306 positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for the Plaintiff to eat or drink in this unique area of the restaurant as individuals in wheelchairs are at a lower height due to their disability and when a eating surface is too high, they are unable to enjoy their food and drink at this location.

(viii) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**THE STEAK OUT RESTROOMS**

(ix) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(x) The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities as wheelchair typically has a clear width of between 30 and 32 inches and the wheelchair will not be able to

fit through the doorway to access the restroom. In the case that the wheelchair may barely fit through, the tight doorway would likely injure Plaintiff's hands as they could get caught between the wheel and the doorway.

(xi) The inner door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities as wheelchair typically has a clear width of between 30 and 32 inches and the wheelchair will not be able to fit through the doorway to access the restroom. In the case that the wheelchair may barely fit through, the tight doorway would likely injure Plaintiff's hands as they could get caught between the wheel and the doorway.

(xii) Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom sink as Plaintiff is seated in a wheelchair and, when seated, Plaintiff's feet and legs protrude out in front. In order to properly utilize a sink, Plaintiff's legs must be able to be underneath the surface of the sink, but due to the improper configuration of the sink, there is no room underneath for Plaintiff's legs and feet.

(xiii) The actionable mechanism of the paper towel dispenser in the restroom is located outside the maximum prescribed vertical reach range of 48 inches above the finished floor as set forth in Section 308.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled

individual to reach the actionable mechanism of the paper towel dispenser as individuals in wheelchairs are seated and have significantly less reach range than individuals who stand up.

(xiv) The accessible toilet stall door is not self-closing and violates Section 604.8.1.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for the Plaintiff and/or any disabled individual to safely and privately utilize the restroom facilities.

(xv) The interior of the restroom stall has a clear turning space of less than 60 inches in diameter. As a result, the accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff's wheelchair to fit into and maneuver within the toilet stall.

(xvi) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

(xvii) The side grab bar is positioned less than 33" above the finished floor and is not positioned in accordance with 609.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xviii) Due to the placement of a toilet paper dispenser within 12" above the side grab bar, there is inadequate space between the grab bar and objects placed above

the grab bar in violation of Section 609.3 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff to safely transfer from the wheelchair to the toilet and back.

34. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

35. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

36. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA as the modifications necessary to cure the barriers to access identified in paragraph 33 of this Complaint are listed in 28 C.F.R. § 36.304 as "readily achievable".

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, STEAKOUT LLC, has the financial resources to make the necessary modifications. According to the Property Appraiser, the Appraised value of the Property is $819,700.00.

40. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and

up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

41. Upon information and good faith belief, the Property has been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, STEAKOUT LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, STEAKOUT LLC.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, STEAKOUT LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, STEAKOUT LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, STEAKOUT LLC, in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant, STEAKOUT LLC, from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant, STEAKOUT LLC, to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: September 22, 2026

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
The Schapiro Law Group, P.L.
7284 W Palmetto Park Road, Suite 101 PMB 93
Boca Raton, FL 33433-3406
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com